# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-623V
Filed: November 3, 2016
[Not to be published]

```
* * * * * * * * * * * *
SAMUEL V. DARROCH,              *
                                *        Special Master Gowen
              Petitioners,      *
       v.                       *        Dismissal; Tetanus Vaccine;
                                *        Seizures
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
              Respondent.       *
* * * * * * * * * * * *
```

William E. Cochran, Jr., Black McLaren, et al., PC, Memphis, TN, for petitioner.
Althea W. Davis, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On June 18, 2015, Samuel Darroch ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered seizures as a result of receiving a Tetanus vaccination. Petition at 1-2. The information in the record, however, does not show entitlement to an award under the Program.

On November 1, 2016, petitioner moved for a decision dismissing his petition, stating that "[p]etitioner has been unable to secure evidence to prove entitlement to compensation in the vaccine program." Motion for a Decision Dismissing Petition, ¶ 1. Petitioner states that he understands that a decision by the Special Master will result in a judgment against him, and that such a judgment will end all of his rights in the Vaccine Program. Id. at ¶ 3. Petitioner states that he intends to protect his rights to file a civil action. Id. at ¶ 4. Respondent does not oppose

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

petitioner's motion.

To receive compensation under the Program, petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury," nor does petitioner allege that he suffered a "Table Injury." Further, the record does not contain any persuasive evidence indicating that petitioner's alleged injuries were caused by the Tetanus vaccine.

Under the Vaccine Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by the Tetanus vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>/ Thomas L. Gowen</u>
Thomas L. Gowen
Special Master