# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 15-623V
**Filed: February 1, 2017**

\* \* \* \* \* \* \* \* \* \* \* \*
SAMUEL V. DARROCH,          \*
                         \*         UNPUBLISHED
           Petitioner,        \*
                         \*         Special Master Gowen
v.                         \*
                         \*         Attorneys' Fees and Costs
SECRETARY OF HEALTH    \*
AND HUMAN SERVICES,     \*
                         \*
           Respondent.    \*
                         \*
\* \* \* \* \* \* \* \* \* \* \* \*

<u>William E. Cochran, Jr.</u>, Black McLaren, et al., PC, Memphis, TN, for petitioner.
<u>Althea W. Davis</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

       On June 18, 2015, Samuel Darroch ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that he suffered seizures as a result of receiving a tetanus vaccination. Petition at 1-2. On November 1, 2016, petitioner moved for a decision dismissing his petition, and a decision dismissing the petition for insufficient proof was issued November 3, 2016.

       On January 11, 2017, petitioner filed an application for attorneys' fees and costs, requesting $19,766.50 in attorneys' fees, $3,867.16 in attorneys' costs, and $604.10 in petitioner's costs, for a total of $24,237.76 in attorneys' fees and costs. Petitioner's ("Pet.") Application ("App.") at 1; Pet. App., Ex. 3. Respondent filed a response to petitioner's application on January 26, 2017, stating that respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and that respondent "recommends

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Respondent's Response at 2-3.

## I. Reasonable Attorneys' Fees and Costs

Section 15(e) of the Vaccine Act governs attorneys' fees. 42 U.S.C. § 300aa-15(e). When awarding compensation on a petition, the special master "shall also award" reasonable attorneys' fees and costs. Id. at §15(e)(1)(A)-(B). Even when compensation is not awarded, the special master "may award" reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at § 15(e)(1). Respondent states that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and the undersigned finds that the case was brought in good faith and with a reasonable basis, and will award attorneys' fees and costs. Respondent's Response at 2.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Avera, 515 F.3d at 1347–48. In determining an award of attorneys' fees, a court should generally use the forum rate, i.e., the District of Columbia rate. Id. at 1348. However, an exception to the forum rule applies where the bulk of an attorney's work is performed outside of the forum, and where there is a "very significant" difference in compensation rates between the place where the work was performed and the forum. Id. at 1349 (citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton, 3 F.3d at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992)). The determination of reasonable attorneys' fees and costs is within the special master's discretion. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special masters may rely on their prior experience in reviewing fee applications. See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502, at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)).

### i. Hourly Rates

Petitioner requests the following rates:

Michael McLaren:
    $410 (2015)
    $425 (2016)

William Cochran:
    $345 (2015)
    $355 (2016)

Chris Webb:
    $295 (2015)
    $305 (2016)

Law Clerks:
    $145 (2015)
    $150 (2016)

Paralegals:
    $135 (2015)
    $140 (2016)

Pet. App. at 9.

The issue of whether Black McLaren attorneys are entitled to local or forum rates was recently decided by Chief Special Master Dorsey. Henry v. Sec'y of Health & Human Servs., No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016. In Henry, the Chief Special Master held that the Black McLaren firm should receive attorneys' fees at forum rates, noting that "[t]he applicable 2016 local attorney rates identified within this decision ($350, $300, $260) range from about 17-21% lower than the requested forum rates for the same attorney. This difference is much closer to the 18.5% differential identified in *Garrison* than it is to any of the fee differentials discussed in the applicable circuit precedents, which considered differentials of 59% and upward." Id. at *10 (referencing Garrison v. Sec'y of Health & Human Servs., No. 14-762V, 2016 WL 3022076 (Fed. Cl. Spec. Mstr. Apr. 29, 2016), aff'd, 2016 WL 4784054 (Fed. Cl. Aug. 17, 2016). Several Special Masters have adopted the reasoning set forth in Henry and have granted McLaren Black fees at the same hourly rates awarded therein. See e.g. Rowden v. Sec'y of Health & Human Servs., No. 14-400V, 2016 WL 7785616 (Fed. Cl. Spec. Mstr. Dec. 22, 2016)(Special Master Roth finding Black McLaren entitled to forum rates, adopting reasoning in Henry); Pancoast v. Sec'y of Health & Human Servs., No. 15-718V, 2016 WL 7574815 (Fed. Cl. Spec. Mstr. Nov. 16, 2016) (Special Master Corcoran finding Black McLaren entitled to forum rates, adopting reasoning in Henry). The undersigned likewise agrees with Chief Special Master Dorsey's analysis in Henry, and finds that petitioner has amply demonstrated that the local rates in Memphis are not very significantly different than the forum

rates in Washington, D.C.  The rates requested in this case are consistent with the rates awarded in Henry, and the undersigned will award them as requested.

### ii.    Hours Expended

Petitioner requests compensation for 9.70 hours of work performed by Mr. McLaren, 26.10 hours of work performed by Mr. Cochran, 2.10 hours of work performed by associate Chris Webb, 7.20 hours of work performed by paralegal Carmen Garcia, and 31.30 hours of work performed by paralegal Samantha Ward.  Pet. App., Ex. 2, at 12.  On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable.

### iii.   Costs

Petitioner requests $3,867.16 in attorneys' costs.  Pet. App. at 1; Pet. App., Ex. 2 at 13.  The requested costs consist primarily of costs of obtaining medical records and the cost of an expert report.  Pet. App., Ex. 2 at 13-32.  The undersigned finds the requested attorneys' costs reasonable.

Petitioner requests $604.10 in petitioner's costs.  See Pet. App., Ex. 3 at 1.  These costs include the cost of ordering the transcript of the initial status conference, held while petitioner was proceeding *pro se* at the outset of his case.  Id. at 2.  The remaining $400 requested appears to be the filing fee incurred during petitioner's *pro se* period, as docket entry number one indicates the filing fee of $400 was paid at the time the petition was filed, receipt number CFC 100000950.  The undersigned finds the requested petitioner's costs reasonable.

## II.    Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of $24,237.76 reasonable.

Pursuant to 42 U.S.C. § 300aa-15(e), the undersigned awards attorneys' fees and costs as follows:[2]

> **(1) A lump sum of $23,633.66 in the form of a check payable jointly to petitioner and petitioner's attorney, William E. Cochran, Jr., Black McLaren, et al., PC, for attorneys' fees and costs; and**
>
> **(2) A lump sum of $604.10 payable to petitioner for petitioner's costs.**

---

[2] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir.1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

            **s/ Thomas L. Gowen**
            Thomas L. Gowen
            Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.